IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SHELBY GRINER<br>6821 Clearview Road<br>Temperance, Michigan 48182 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT** |
| NAMSA – INTEGRA DIVISION, LLC<br>6750 Wales Road<br>Northwood, Ohio 43619 | )<br>)<br>)<br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| **Serve also:**<br>NAMSA – Integra Division, LLC<br>c/o John J. Gorski<br>6750 Wales Road<br>Northwood, Ohio 43619 | )<br>)<br>)<br>)<br>)<br>) | |
| -and- | ) | |
| CAROL BRICKNER<br>119 East Sterns Road<br>Temperance, Michigan 48182 | )<br>)<br>) | |
| -and- | ) | |
| AUSTIN ZDAWCZYK<br>25771 Wood Creek Road<br>Perrysburg, Ohio 43551 | )<br>)<br>) | |
| Defendants. | )<br>) | |

Plaintiff, Shelby Griner, by and through undersigned counsel, as her Complaint against the Defendant, states and avers the following:

## PARTIES

1. Griner is a resident of the city of Temperance, county of Monroe, state of Michigan.

2. NAMSA – Integra Division, LLC ("NAMSA") is a domestic limited liability company that operated a business located at 6750 Wales Road, Northwood, Ohio 43619.

3. NAMSA was at all times hereinafter mentioned an employer within the meaning of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq*.

4. NAMSA was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et seq*.

5. Upon information and belief, Defendant Carol Brickner is a resident of Michigan.

6. Brickner made and/or participated in the adverse actions asserted herein.

7. Upon information and belief, Defendant Austin Zdawczyk is a resident of Ohio.

8. Zdawczyk made and/or participated in the adverse actions asserted herein.

## JURISDICTION & VENUE

9. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Griner is alleging a Federal Law Claim under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq*.

10. All of the material events alleged in this Complaint occurred in Wood County.

11. Within two years of the conduct alleged below, Griner filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2022-02805 against NAMSA.

12. On or about November 8, 2022, the EEOC issued and mailed a Notice of Right to Sue letter to Griner regarding the Charges of Discrimination brought by Griner.

13. Griner received her Right to Sue letter from the – which has been attached hereto as Plaintiff's Exhibit A.

14. Griner has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

15. Griner has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

16. Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS

17. Griner is female.

18. Griner is a former employee of NAMSA.

19. Griner began working for NAMSA in or around August 2020.

20. NAMSA employed Griner as a lab technologist.

21. Griner was qualified for her position as lab technologist.

22. Todd Kuhl was Griner's team leader.

23. Kuhl is male.

24. Kuhl was supposed to train Griner.

25. Kuhl trained multiple male employees, but refused to train Griner.

26. Kuhl refused to train Griner due to her gender.

27. Kuhl routinely insulted Griner's intelligence and skills.

28. Kuhl did not routinely insult male employees' intelligence and skills.

29. Kuhl routinely insulted Griner's intelligence and skills because she is a female.

30. Griner reported Kuhl's gender discrimination to Sarah Boyd.

31. Griner's complaint of gender discrimination to Boyd was a protected activity.

32. Boyd was Griner's immediate supervisor at the time.

33. Boyd was aware of Griner's complaint of gender discrimination.

34. During all material events asserted herein, Boyd has and/or had authority to hire, fire, and/or discipline employees.

35. Upon information and belief, Defendants have a policy requiring investigations following receipt of a complaint of discrimination.

36. An investigation should include interviewing the complainant.

37. An investigation should include interviewing the subject of the complaint.

38. An investigation should include interviewing the subject of the reported incident.

39. An investigation should include interviewing witnesses to the reported incident.

40. An investigation should include getting a written statement from the complainant.

41. An investigation should include getting a written statement from the subject of the complaint.

42. An investigation should include getting a written statement from the subject of the reported incident.

43. In response to Griner's complaint of discrimination, Boyd did not interview Kuhl.

44. In response to Griner's complaint of discrimination, Boyd did not get a written statement from Griner.

45. In response to Griner's complaint of discrimination, Boyd did not get a written statement from Kuhl.

46. In response to Griner's complaint of discrimination, Boyd did not take corrective action against Kuhl.

47. Boyd ratified Kuhl's discriminatory conduct in failing to conduct an investigation into Griner's discrimination complaint.

48. Boyd ratified Kuhl's discriminatory conduct in failing to discipline Kuhl following Griner's discrimination complaint.

49. In or around December 2021, after Boyd failed to take any corrective action against Kuhl, Griner complained to human resources.

50. Griner's complaint of gender discrimination to human resources was a protected activity.

51. Defendants were aware of Griner's complaint to human resources.

52. Zdawczyk was Griner's supervisor.

53. During all material events asserted herein, Zdawczyk has and/or had authority to hire, fire, and/or discipline employees.

54. Zdawczyk did not participate in the decision to hire Griner.

55. Following Griner's complaint of gender discrimination to human resources, Zdawczyk pulled Griner into his office for a follow-up meeting ("Zdawczyk Meeting").

56. During the Zdawczyk Meeting, Zdawczyk told Griner that she should have gone to him instead of human resources.

57. During the Zdawczyk Meeting, Zdawczyk told Griner that Kuhl had been with NAMSA for a long time, that he knows a lot of things, and was a useful employee.

58. The Zdawczyk Meeting might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

59. Zdawczyk scheduled the Zdawczyk Meeting in retaliation for Griner's complaint to human resources.

60. Following Griner's complaint of gender discrimination to human resources, Brickner issued Griner an unjustifiable disciplinary notices.

61. On or around June 14, 2022, Defendants terminated Griner's employment.

62. Defendants terminated Griner's employment in retaliation for reporting gender discrimination.

63. Upon information and belief, Defendants have a progressive disciplinary policy ("Progressive Discipline Policy").

64. Defendants have used the Progressive Discipline Policy when disciplining employees who have not complained of discrimination.

65. Defendants skipped steps under the Progressive Discipline Policy when they terminated Griner's employment.

66. Skipping steps under the Progressive Discipline Policy is an adverse employment action.

67. Skipping steps under the Progressive Discipline Policy is an adverse action.

68. Defendants intentionally skipped steps under the Progressive Discipline Policy when they terminated Griner's employment.

69. Defendants willfully made the decision to skip steps under the Progressive Discipline Policy when they terminated Griner's employment.

70. Terminating Griner's employment was an adverse employment action.

71. Terminating Griner's employment was an adverse action.

72. Defendants intentionally terminated Griner's employment.

73. Defendants willfully made the decision to terminate Griner's employment.

74. Defendants terminated Griner's employment in violation of the Progressive Discipline Policy in retaliation for reporting gender discrimination.

### **COUNT II: RETALIATION IN VIOLATION OF 42 U.S.C. § 2000e *et seq.***

75. Griner restates each and every prior paragraph of this complaint, as if it were fully restated herein.

76. As a result of the discriminatory conduct described above, Griner complained about the gender discrimination she was experiencing.

77. Subsequent to Griner's reporting of gender discrimination, Zdawczyk scheduled the Zdawczyk Meeting.

78. Subsequent to Griner's reporting of gender discrimination, Griner received unjustified write ups or corrective actions.

79. Subsequent to Griner's reporting of gender discrimination, Defendants terminated Griner's employment.

80. Defendants' actions were retaliatory in nature based on Griner's opposition to the unlawful discriminatory conduct.

81. Pursuant to 42 U.S.C. § 2000e *et seq.*, it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

82. Griner suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to 42 U.S.C. § 2000e *et seq*.

83. As a direct and proximate result of Defendants' retaliatory discrimination against and termination of Griner, she suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT II: RETALIATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

84. Griner restates each and every prior paragraph of this complaint, as if it were fully restated herein.

85. As a result of the discriminatory conduct described above, Griner complained about the gender discrimination she was experiencing.

86. Subsequent to Griner's reporting of gender discrimination, Zdawczyk scheduled the Zdawczyk Meeting.

87. Subsequent to Griner's reporting of gender discrimination, Griner received unjustified write ups or corrective actions.

88. Subsequent to Griner's reporting of gender discrimination, Defendants terminated Griner's employment.

89. Defendants' actions were retaliatory in nature based on Griner's opposition to the unlawful discriminatory conduct.

90. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

91. Griner suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

92. As a direct and proximate result of Defendants' retaliatory discrimination against and termination of Griner, she suffered and will continue to suffer damages, including economic and emotional distress damages.

## DEMAND FOR RELIEF

WHEREFORE, Griner demands from Defendants the following:

(a) Issue an order requiring Defendants to restore Griner to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Griner for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Griner's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

          Respectfully submitted,

          */s/ Taurean J. Shattuck*
          Taurean J. Shattuck (0097364)
          **SPITZ, THE EMPLOYEE'S LAW FIRM**
          25825 Science Park Drive, Suite 200
          Beachwood, OH 44122
          Phone: (216) 291-4744
          Fax:   (216) 291-5744
          Email:  Taurean.Shattuck@spitzlawfirm.com

          *Attorney For Plaintiff*

## **JURY DEMAND**

Plaintiff Shelby Griner demands a trial by jury by the maximum number of jurors permitted.

> */s/ Taurean J. Shattuck*
> Taurean J. Shattuck (0097364)
> **SPITZ, THE EMPLOYEE'S LAW FIRM**